FORM orrmmm (02/15)

**UNITED STATES BANKRUPTCY COURT**
Northern District of Florida
Tallahassee Division

In Re: Freddie Lee Walker Jr.　　　　　　　　　　Bankruptcy Case No.: 15–40124–KKS
　　　SSN/ITIN: xxx–xx–1699
　　　　Debtor

　　　　　　　　　　　　　　　　　　　　　　　Chapter: 13
　　　　　　　　　　　　　　　　　　　　　　　Judge: Karen K. Specie

### ORDER GRANTING MOTION FOR REFERRAL
### TO MORTGAGE MODIFICATION MEDIATION

　　　This case came on for consideration of the debtor(s)' Motion for Referral to Mortgage Modification Mediation (Doc. No. 42 ). Pursuant to the *Uniform Mortgage Modification Mediation Procedures in the Bankruptcy Court for the Northern District of Florida*, it is

　　ORDERED:

1. The Motion is granted.

2. The property address is <u>1256 Canal Street, Quincy, FL</u>.

3. The lender's name is <u>Kondaur Capital Corporation</u>.

4. The last four digits of the loan number(s) applicable to the lender and to this proceeding are <u>0883</u>.

5. <u>Objections to Mortgage Modification Mediation ("MMM")</u>. Lender may seek reconsideration for cause of this Order by written motion filed within 14 days after the entry of this Order. If a timely motion for reconsideration is filed, the Court will set a hearing, and all deadlines in this Order are suspended pending resolution of the motion.

6. <u>Selection of Mediator</u>. Parties shall have 14 days after entry of this Order to jointly select a mediator qualified pursuant to Standing Order No. 20, *Guidelines and Procedures for Mortgage Modification mediators*. If the parties cannot timely agree on a mediator, the debtor will select the mediator, and the lender may file an objection within seven days. If a timely objection to a mediator is filed, the Chapter 12 or 13 Trustee or the Clerk in a Chapter 7 or 11 case will appoint the mediator from the Court's list of approved mediators on a random, rotating basis. If the debtor is not represented, the Court may select a mediator.

7. <u>Mediator Fees</u>. Both the debtor and lender each shall pay $250.00 directly to the mediator within seven days of the designation of the mediator. Parties shall also equally pay the mediator for any additional hourly fees incurred from MMM conferences that extend beyond two, one–hour sessions.

8. <u>MMM Portal</u>. Parties must use a secure Portal (e.g., https://www.dclmwp.com/Home) for the submission of all documents related to the MMM process. A fee must be paid by the debtor or debtor's attorney during the Portal registration process. Any lender ordered to participate in the MMM process shall register and post on the Portal those documents required by the lender for the mediation to proceed and designate its single point of contact and outside legal counsel, if any, within seven days after entry of this Order. If the lender fails to register and is represented by counsel in this case, the debtor may file a motion with the Court seeking sanctions for lender's failure to post the needed information on the Portal. The parties may

communicate outside the Portal orally, but all written communication relating to the MMM process shall occur through the Portal. Any litigated matters incidental to the mediation are considered separate matters, and parties are not required to use the Portal for these separate matters.

9. <u>Identification of Mediators</u>. Debtor shall identify the mediator on the Portal within seven days of the mediators selection.

10. <u>Submission of Documents on Portal</u>. No later than seven days after identifying the mediator on the Portal or confirming that the lender is registered on the Portal, whichever occurs later, the debtor shall a) pay the Portal fee, b) upload a copy of this Order to the Portal, and c) submit all documents and financial information requested by the lender to the Portal. Within 14 days thereafter, the lender shall acknowledge receipt of the debtor's information and advise the debtor of any additional or missing information needed by the lender to proceed with the review. Debtor must supply any missing or additional information to the lender via the Portal within seven days from the time of the lender's request.

11. <u>Scheduling Mediation</u>. Within 14 days of the selection of the mediator, the mediator shall work diligently with the parties to coordinate a mutually convenient date, time, and place of the mediation. All parties must attend and continuously participate in all mediation sessions.

12. <u>Conclusion of Mediation within 150 days</u>. Parties will conclude the MMM process within 150 days of the filing or conversion of the case, unless that time is enlarged by written consent on the Portal, by stipulation of the parties, or by Court order.

13. <u>Settlement Authority</u>. All parties in attendance at mediation must have full settlement authority (within investor guidelines) and will continuously participate in all scheduled mediation sessions.

14. <u>Video or Telephonic Attendance</u>. Parties may participate in mediation sessions by telephone or video with the mediator's approval. Debtor shall provide a foreign language interpreter, if necessary, at the debtor's expense. All parties not physically present must be ready, willing, and able to sign a binding settlement agreement by facsimile, email, or other electronic means at the time of mediation.

15. <u>Lender Obligations</u>. Lender shall timely underwrite the loan modification request. If the lender transfers the loan, the lender must provide a copy of this Order to the successor lender, who is obligated to comply with all terms of this Order and is bound by all agreements, whether interim or final.

16. <u>Mediator Obligations</u>. The mediator shall:

    a. Be governed by the standards of professional conduct set forth in the Florida rules for certified and court–appointed mediators and shall have judicial immunity in the same manner and the same extent as a judge;

    b. Receive compensation in the amount of $250.00 each from the debtor and the lender within seven days of the designation of the mediator for preparation for the mediation, execution of required documents, faciliation of the document and information exchange between the parties, and participation in no more than two one–hour conferences;

    c. Receive compensation equally from the parties at an agreed hourly rate for any MMM conferences that extend beyond two one–hour conferences;

    d. Login to the MMM portal within seven days after designation and use the Portal to facilitate the exchange of information of additional documentation

 between the Parties in an effort to perfect the documents needed for lender to complete its review;

 e. Report on the Portal the scheduling of all mediation sessions and maintain a log of attendees at each session;

 f. If a required party is not present, the mediator shall report the non−appearance of the party on the written roll;

 g. If the mediator determines that the lender's representative present does not have full authority to settle, the mediator shall report that the lender's representative did not appear on the written roll as a representative with full settlement authority as required by this Order; and

 h. File with the Court a final report not later than seven days after conclusion of the final mediation session indicating whether an agreement was reached or not. Parties are directed to promptly seek any necessary court approval for the mortgage modification and to formalize the modification in any needed legal documents.

17. <u>Privileged Communications</u>. All oral or written statements made by the parties, attorneys, and other participants at or associated with the mediation are privileged and confidential except that the log of attendees maintained by the mediator is not confidential. All confidential statements shall not be reported, recorded, placed into evidence, made known to the Court, or construed for any purposes as an admission. No party shall be bound by any statement made or action taken at the mediation conference unless an agreement is reached.

18. <u>Written Roll</u>. The written roll and communication of authority of the mediation is not a mediation communication. If a mediation does not occur because a party fails to attend or the creditor(s)' representative lacks settlement authority, the Court may order the non−attending party to physically appear at all future scheduled mediations, tax costs of another mediation to the non−attending party, or impose other sanctions as the Court deems appropriate, including entering an Order Granting the Modification of the Mortgage substantially complying wiht the HAMP guidelines or awarding attorney's fees and costs to the opposing party.

19. <u>Stay Modified to Allow Loan Modification</u>. The automatic stay is modified, to the extent necessary, to facilitate the MMM process. Participation in mediation conducted pursuant to this Order does not preclude participation in state court foreclosure mediation.

20. <u>Pending Motions for Stay Relief</u>. Any pending motion for stay relief with respect to property that is subject to MMM shall be continued until such time as the MMM has been concluded; the pendency of MMM constitutes good cause and compelling circumstances under 11 U.S.C. §362(e) to delay entry of any final decision on a pending request for stay relief. Any lender seeking relief relief prior to the conclusion of the MMM must file a motion requesting a hearing, setting forth the reasons why relief must be considered prior to conclusion of the MMM. No motion for stay relief with respect to the property of the MMM may be filed on an ex parte basis.

21. <u>Adequate Protection Payments in Chapter 12 and 13 Cases</u>. In Chapter 12 and 13 cases, debtors seeking MMM must provide adequate protection to the lenders. Unless otherwise ordered by the Court: (1) for homestead properties, the debtor must pay the Chapter 12 or 13 Trustee the lesser of (a) 31% of their gross disposable income (after deducting homeowner association fees), or (b) the normal monthly contractual mortgage payment; (2) for non−homestead property, the debtor shall pay to the Chapter 12 or 13 Trustee 75% of all rental income generated by the property. The Trustee shall hold the funds pending either further Order of the Court or a joint stipulation of the parties. In addition, with Chapter 12 and 13 cases, the Court may confirm a plan of reorganization subject to pending MMM.

22. <u>Attorney Fees</u>. In the event the parties reach a final resolution or, if no agreement has been reached, without application to the Court, attorneys for debtors shall be permitted to charge an attorney's fee not to exceed $2500.00, and $100.00 in costs for MMM, subject to the compensation requirements for the chapter under which the case is filed. The $2500.00 fee shall include: (a) Filing of the Motion and proposed order; (b) Preparation of all forms required for mediation; (c) Filing of other required pleadings and preparation of proposed orders, and settlement papers, as applicable; (d) Communicating with the lender and the mediator, including communications through the Portal; (e) Attendance at all MMM conferences and Court hearings; and (f) Review of all modified loan documents.

23. <u>Other Matters</u>. The referral of a matter to MMM does not relieve the parties from complying with any other court orders or applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, Administrative Orders, or Local Rules. Notwithstanding a mortgage modification matter being referred to MMM, the case shall not be stayed or delayed without further order of the Court.

24. <u>Abatement of Payment Changes and Deferral of 3002.1 Notices</u>. All changes to the regular contractual mortgage payments are abated and all notices required by Bankruptcy Rule 3002.1 (b) and (c) are deferred pending the conclusion of the MMM process, including during any trial payment period.

25. <u>Good Faith Requirement</u>. All parties are directed to comply with this Order and to engage in the MMM process in good faith. Failure to do so may result in the imposition of damages and sanctions.

26. <u>Extension of Deadlines</u>. Any of the deadlines imposed by this order may be extended by order of the Court.

27. <u>Parties Directed to Comply</u>. If any parties or their counsel fail to comply with the terms of this Order, the Court will consider a motion to vacate this Order and also may impose sanctions.

***DONE AND ORDERED*** at Tallahassee, Florida, September 8, 2015.

/s/ Karen K. Specie
Karen K. Specie
U.S. Bankruptcy Judge

**Service:**
Allen Turnage shall serve this document pursuant to the applicable Rules and file a certificate of service within three (3) days.

*All references to "debtor" shall include and refer to both debtors in a case filed jointly by two individuals.*